USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANIESE VOID-BROWN,

    Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION;
DRUG ENFORCEMENT AGENCY; CITY OF
NEW YORK and NEW YORK CITY POLICE
DEPARTMENT; and HEDY AUGENBRAUN,
PH.D.,

    Defendants.

19-cv-8594 (PAE)

ORDER OF DISMISSAL

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Janiese Void-Brown, who has a mailing address in Kings County, New York, brings this action *pro se*.[1] She asserts claims against the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Agency ("DEA"), the City of New York, the New York City Police Department ("NYPD"), and her psychologist (collectively, "defendants") for allegedly engaging in multiple conspiracies to violate her civil rights since she was a child. For the reasons that follow, the Court dismisses the complaint.

I. **Background**

On September 16, 2019, Void-Brown filed her complaint. Dkt. 1 ("Compl."). She claims, *inter alia*, that, in 2018, she began to suspect that she was a child trafficking victim and "the illegitimate child of Charles Taylor, the former President of Liberia." *Id.* at 15. She alleges that the FBI, DEA, and NYPD have known of her status as a trafficking victim and have created

---

[1] Void-Brown paid the filing fee for this action. In Void-Brown's prior suit against the FBI, the DEA, and others, she sought leave to proceed *in forma pauperis*, but after the magistrate judge recommended denial of such leave, she paid the filing fee. *See Void-Brown v. Fed. Bureau of Investigation*, No. 19 Civ. 286 (APG) (VCF), 2019 WL 2518117, at *1 (D. Nev. June 18, 2019).

"multiple conspiracy and entrapment schemes" against her in order to "locate assets associated with Charles Taylor" that "are commingled with the assets of Muammar Gaddafi, the former leader of Libya." *Id.* at 16.

Void-Brown's complaint recounts several instances of sexual assault and sexual molestation, including the following. *See id.* at 17–18. She alleges that the FBI directed "decades worth" of "acts of aggression (including the orchestration of sexual attacks perpetrated against [Void-Brown] and her adoptive family starting when she was a 4 year old [sic] child." *Id.* at 17. She also states that "as a 4 year old [sic] girl [she] was sexually molested by a 17–20 year old Puerto Rican female as she was being babysat by another individual" and that "[i]n 1982/1983, [she] was attending the Fannie Smith Montessori school, when her classmates a black boy and a white girl began bullying [Void-Brown] into kissing the black boy as she was in the coat room preparing to depart. The black boy repeatedly called her cupcake." *Id.*

Void-Brown also alleges that her psychologist Dr. Augenbraum helped to entrap her. In 2008, she began seeing Dr. Augenbraun "because she had not yet started to date or engage in romantic relationships, due to that trauma, and needed the assistance of Dr. Augenbraun to develop a management plan assisting her with this aspect of her life. *Id.* at 19–20. She claims that "[t]he defendants instructed Dr. Augenbraun to provide inadequate care to Ms. Void-Brown, which . . . allowed her to be lured into a number of entrapment schemes meant to psychologically exploit [her]." *Id.* at 20. For example, she claims that, as a result, she "was lured to Europe and other countries, where the defendants endeavored to conduct surveillance with the intentions of identifying unknown business associates of Charles Taylor, while he was on trial at the Hague." *Id.*

2

Throughout her complaint, Void-Brown highlights the alleged role that the FBI, the DEA, the City of New York, and the NYPD played in entrapping her. In one instance, she claims that:

> [I]n 2009, the FBI, and DEA lured Ms. Void-Brown into romantic liaisons and friendships with individuals who resembled, shared first names, common backgrounds (such as nationality) with individuals associated with her biological father's regime in efforts to collect information regarding the missing assets, and psychologically make the plaintiff more malleable to the coercive and surveillance tactics of these agencies.

*Id.* at 20. She also alleges that defendants "coerced local and state agencies to depriv[e] Ms. Void-Brown of her civil and constitutional rights in order to successfully execute their plans to locate the liquid and illiquid assets associated with [her] biological father." *Id.*

As a result of these claims and others, Void-Brown requests, *inter alia*, an injunction, $4.5 million in damages, and forfeiture and disgorgement of salaries and other benefits from defendants. *See id.* at 29–30.

## II. Applicable Legal Principles

Courts have the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that it lacks subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts are obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "to raise the strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks omitted).

### III. Discussion

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Void-Brown's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Because the defects in Void-Brown's complaint cannot be cured with an amendment, the Court declines to grant Void-Brown leave to amend and dismisses the action as frivolous.[2]

### CONCLUSION

Void-Brown's complaint is dismissed as frivolous. The Clerk of Court is directed to mail a copy of this order to Void-Brown and note the fact of such service on the docket.

---

[2] In the District of Nevada case, the magistrate judge recommended dismissal of the complaint as frivolous. *Void-Brown v. Fed. Bureau of Investigation*, No. 19 Civ. 286 (APG) (VCF), 2019 WL 2520022, at *2 (D. Nev. Apr. 1, 2019) (recommending dismissal where Void-Brown claimed that "the FBI, Mr. Alvia, and a hotel were involved in a conspiracy to make it appear as though Plaintiff was engaged in prostitution in order to blackmail Plaintiff"). The district court adopted the recommendation dismissing the claims but granted her leave to file an amended complaint. *Void-Brown*, 2019 WL 2519117, at *1. Void-Brown did file an amended complaint, Dkt. 19, and the district court has since issued an order to show cause as to why the case should not be dismissed, Dkt. 25.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002. Pub. L. 107–347, § 205, 116 Stat. 1899, 2913 (2002) (codified at 44 U.S.C. § 3501 note).

SO ORDERED.

Dated: September 20, 2019
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge